DA 09-0332

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 423N

DANA A. TRANDAHL,

  Petitioner and Appellant,

v.

WILLIAM P. RYAN,

  Defendant and Appellee.

APPEAL FROM: District Court of the Second Judicial District,
       In and For the County of Butte-Silver Bow, Cause No. DR 04-162
       Honorable Brad Newman, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

      Allen Beck, Attorney at Law, Lewistown, Montana

    For Appellee:

      Michael D. McLean; McLean & McLean, Anaconda, Montana

           Submitted on Briefs: December 2, 2009

              Decided: December 15, 2009

Filed:

    _____
          Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Dana Trandahl appeals from the April 3, 2009, Findings of Fact, Conclusions of Law and Order entered by the District Court of the Second Judicial District, modifying the parties' parenting plan. We affirm.

¶3 The parties were divorced in 2006, and shared custody of their three young children under a stipulated parenting plan that provided that Dana would be the primary residential parent. Things did not go well after the divorce. During an exchange of the children at the Butte-Silver Bow County Courthouse in September, 2007, and while the children were present, Dana sprayed William with pepper spray. The next day William obtained a temporary order of protection prohibiting Dana from contacting him or the children. Dana was charged with partner or family member assault and with endangering the welfare of a child, both misdemeanors. For the next year and a half the children lived with William and for much of the time had limited contact with Dana.

¶4 In March, 2009, the District Court held an evidentiary hearing on William's motion to modify the parenting plan to designate him as the primary custodial parent.

Dana also moved to modify the parenting plan to provide for alternating residence on a school-semester basis. The District Court's April, 2009, order concluded that the children's residence with William during the year and a half since the September 2007, incident constituted changed circumstances sufficient to warrant a change in the 2006 parenting plan as provided in § 40-4-219, MCA.

¶5 Dana's primary contention on appeal is that the District Court erred in considering the children's residence with William during the year and a half after September 2007 as a changed circumstance warranting modification of the 2006 parenting plan. Dana contends that the children's residence with William was caused by his having wrongfully obtained the order of protection after the pepper spray incident, but she provides no support for that contention. At the same time, in June 2009, she entered a deferred prosecution agreement on the charges of partner or family member assault and endangering the welfare of a child. Part of that agreement was that Dana specifically acknowledged that the State had probable cause to charge her for the offenses.

¶6 There is no showing that the order of protection was wrongfully obtained or that it was not supported by the facts and law at the time. In addition, during the year and a half that it was in place Dana did little or nothing to bring the issue to a hearing or to seek modification of its terms. She moved to continue without date the initial hearing on the order of protection that was scheduled a few weeks after it was issued. She changed attorneys, unsuccessfully participated in trying to mediate a new parenting plan, obtained a guardian ad litem for the children and otherwise participated in the process. However, she did not attack the order of protection that she now points to as wrongful.

¶7 It is clear that the pepper spray incident, the order of protection and the year and a half that the children spent primarily with William constituted changed circumstances. The District Court therefore properly exercised discretion to adopt a new parenting plan and we find no error.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. The issues are clearly controlled by settled Montana law. There clearly is sufficient evidence to support the District Court's findings of fact and conclusions of law.

¶9 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS